UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **Vanessa Lapsley,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 1:25-cv-263 |
| | ) |
| **The Law Office of Bradley Kim Thomas II, LLC, and** | ) |
| **Total Recovery Services, Inc.,** | ) |
| | ) |
| Defendants. | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND REGULATION F

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Vanessa Lapsley, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, The Law Offices of Bradley Kim Thomas II, LLC, (hereinafter referred to as "BKT"), is a debt collection law firm operating from an address at 11623 Coldwater Road, Suite 104, Fort Wayne, IN 46845.

14. The Defendant, Total Recovery Services, Inc. (hereinafter referred to as "TRS"), is a debt collector and/or a debt buyer operating from an address of _____.

15. TRS is a debt collection agency; and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

16. Defendants regularly attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendants regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

18. BKT is a debt collection law firm attempting to collect an alleged debt from Plaintiff.

19. TRS is a debt collection agency attempting to collect an alleged debt from Plaintiff.

20. Prior to August 27, 2021, the Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5). Specifically, prior to filing her bankruptcy case, Plaintiff incurred a medical debt to Neighborhood Health Clinics, Inc.

21. The alleged debt owed by Plaintiff went into default.

22. The alleged debt at issue in this matter was purchased by TRS from Neighborhood Health Clinics, Inc., and eventually TRS placed it with BKT in an attempt to collect the aforementioned alleged debt.

23. The Plaintiff disputes the alleged debt.

24. The Plaintiff requests that the Defendants cease all further communication on the debt.

25. The Defendants' collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

26. The Defendants acted at all times mentioned herein through its employee(s) and/or representative(s).

27. On August 27, 2021, Plaintiff filed for bankruptcy protection under Title 11, Chapter 7, of the United States Code, bankruptcy case number 21-11072-reg.  *See Notice of Bankruptcy attached hereto as Exhibit "2"*.

28. Plaintiff's bankruptcy petition contained a list of schedules and debts.  The alleged debt to Neighborhood Health Clinics and TRS was listed on Plaintiff's bankruptcy petition. *See Exhibit "3" attached hereto*.

29. On September 1, 2021, the Bankruptcy Noticing Center of the U.S. Bankruptcy Court sent the Notice of Chapter 7 Bankruptcy to TRS and Neighborhood Health Clinics, Inc. via First Class U.S. Mail, postage prepaid.  *See Exhibit "2" attached hereto*.

30. Thus, the alleged debt at issue in this matter was listed in Plaintiff's bankruptcy and Defendant TRS received notice of Plaintiff's bankruptcy case.

31. On December 16, 2021, the U.S. Bankruptcy Court issued the discharge of Plaintiff's debts.  *See Exhibit "4" attached hereto*.

32. On December 16, 2021, the Bankruptcy Noticing Center sent the discharge order to Defendant TRS and Neighborhood Health Clinics, Inc. via the U.S. Postal System.  *See Exhibit "4" attached hereto.*

33. Upon information and belief, Defendant TRS received the aforementioned notices from the U.S. Bankruptcy Court and the Bankruptcy Noticing Center.

34. As a result of the discharge order of the U.S. Bankruptcy Court, the alleged debt at issue in this matter was discharged in Plaintiff's chapter 7 bankruptcy case.  Thus, Plaintiff no longer owed this alleged debt to Defendant TRS or to Neighborhood Health Clinics, Inc.

35. Thus, Defendant TRS had knowledge of the discharge of Plaintiff's debts in her bankruptcy case.  *See Exhibits "2" and "4" attached hereto*.

36. The discharge order operates as an injunction against any attempt to collect debts that are subject to Plaintiff's bankruptcy case.  The debt at issue in this matter was incurred prior to the filing of Plaintiff's bankruptcy case; therefore, the debt at issue in this matter is subject to the discharge injunction of the U.S. Bankruptcy Court.  *See* 11 U.S.C. § 524.  *See also* In Re:  Hazelton, 622 B.R. 35 (W.D. Wis. 2020).

37. On or about February 25, 2025, Defendant BKT sent a dunning letter to Plaintiff in an attempt to collect the alleged debt at issue in this matter.  Additionally, Defendants had contacted via telephone in an attempt to collect the alleged debt. *See Exhibit "5" attached hereto.*

38. However, the alleged debt owed to Defendant was included in Plaintiff's recent chapter 7 bankruptcy case.  As set forth *supra*, Defendant TRS received notices from the U.S. Bankruptcy Court regarding Plaintiff's bankruptcy case.  Defendant BKT should have known that the debt was included in Plaintiff's recent chapter 7 bankruptcy case.  Defendant BKT should have conducted a "bankruptcy scrub".  Furthermore, Plaintiff's bankruptcy is a matter of public record is on Plaintiff's credit reports.  Defendants were therefore attempting to collect a debt outside of the confines and restrictions of Plaintiff's chapter 7 bankruptcy case.

39. Defendants TRS and BKT were therefore attempting to collect an alleged debt that they were legally enjoined from collecting directly from Plaintiff.

40. Defendants knew, or should have known, that Plaintiff had legal counsel for this alleged debt; thus, by contacting Plaintiff directly in an attempt to collect this alleged debt, Defendants violated the FDCPA.

41. Defendant BKT violated the FDCPA because the Seventh Circuit Court of Appeals has ruled that even unintentional false representations violate the FDCPA.  According to the Seventh Circuit Court of Appeals, Defendants misrepresented the legal character of the debt by representing to Plaintiff that the alleged debt was a valid debt; accordingly, Defendants' conduct constitutes a violation of the FDCPA.  *See* Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991 (7th Cir. 2003)(Even an unintentional false representation of the legal status of a debt violates §1692e(2)(A)).  *See also* Ross v. RJM Acquisitions Funding, LLC, 480 F.3d 493, 495 (7th Cir. 2007)("Dunning people for their discharged debts would undermine the "fresh start" rationale of bankruptcy . . . and is prohibited by the Fair Debt Collection Practices Act").

42. Defendants' violations are material and the Plaintiff has been harmed as a result of Defendants' unlawful conduct.  Defendants' wrongful conduct alarmed the Plaintiff.  By attempting to collect the alleged debt that was discharged by Plaintiff's bankruptcy case, Defendant invaded Plaintiff's privacy and intruded upon her seclusion.  As a result of Defendant's wrongful conduct, Plaintiff had to take the time out of her day to obtain her credit reports and she had to take time out of her day to review her credit reports with her attorney.

43. Defendants' violations caused Plaintiff to take the time to research the debt at issue in this matter because, as a result of Defendant's misrepresentations regarding the debt at issue in this matter, she initially believed that the debt was still valid. Plaintiff had to take time out of her day to research this matter. She had to review her own records and call her former bankruptcy attorney about this debt. By doing so, she incurred costs on her cell phone and she had to take time out of her day unnecessarily to address this issue.

44. Defendants' acts and omissions in this case are similar to the common law principles of fraud, deception, and misrepresentation; therefore, Plaintiff has standing to bring this case.

45. As a result of Defendants' wrongful conduct, Plaintiff had her attorney send another letter to the Defendants on May 22, 2025. *See Exhibit "6" attached hereto*.

46. Because Plaintiff had to take time out of her day to research the issues raised by Defendants' wrongful conduct, Plaintiff has standing to bring this lawsuit. *See* Leung v. XPO Logistics, Inc., 154 F.Supp.3d 1032, 1037 (7th Cir. 2015)("When a Defendant's allegedly wrongful conduct costs the plaintiff time, the plaintiff has suffered an injury in fact"). *See also* Lako v. Portfolio Recovery Associates, LLC, 2021 WL 3403632 (W.D. Wis. 2021). Plaintiff had to call his bankruptcy attorney to confirm that this debt was included in her bankruptcy case. This unnecessary action cost the Plaintiff time and money.

47. Because Plaintiff had to expend her financial resources, Plaintiff has standing to bring this action. *See* Brandt v. Vill. Of Winneka, Ills., 612 F.3d 647, 649 (7th Cir. 2011)("[b]ut standing may be conferred 'when a plaintiff suffers an actual or impending injury, no matter how small; when that injury is caused by defendant's acts"). *See also* Mack v. Resurgent Services, L.P., 70 F.4th 395 (7th Cir. 2023). By using her cell phone to correct Defendants' wrongful conduct, Plaintiff incurred an expense as Plaintiff lost either minutes on her calling plan or Plaintiff had to incur the expense of making calls. Moreover, Plaintiff had to use her cell phone to call her bankruptcy attorney regarding this matter to determine whether this alleged debt was included in her recent bankruptcy case and she had to use her cell phone to call her new attorney regarding this matter.

48. Because Defendants call Plaintiff in an attempt to collect the alleged debt at issue in this matter, Plaintiff has standing to bring this case. Unwanted telephone calls and text messages confer standing on the Plaintiff. *See* Gadelhak v. AT&T Services, Inc., 950 F.3d 458 (7th Cir. 2020); Ward v. NPAS, Inc., 63 F.4th 576 (6th Cir. 2023); Krakauer v. Dish Network, LLC, 925 F.3d 643 (4th Cir. 2019); Perez v. McCreary, Veselka, Bragg, & Allen, P.C., 45 F.4th 816 (5th Cir. 2022); Van Patten v. Vertical Fitness Group, LLC, 847 F.3d 103 (9th Cir. 2017); Melito v. Experian Marketing Solutions, Inc., 923 F.3d 85 (2d Cir. 2019); Cranor v. 5 Star Nutrition, LLC, 998 F.3d 686 (5th Cir. 2021); Susinno v. Work Out World, Inc., 862 F.3d 346 (3d Cir. 2017); Lupia v. Medicredit, Inc., 8 F.4th 1184 (10th Cir. 2021).

49. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

### First Claim for Relief:
### Violation of the FDCPA

1. The allegations of paragraphs 1 through 49 of the complaint are realleged and incorporated herein by reference.

2. The Defendant's acts and omissions constitute a violation of 15 U.S.C. §1692c.

3. The Defendant's acts and omissions constitute a violation of 15 U.S.C. §1692d.

3. The Defendant's acts and omissions constitute a violation of 15 U.S.C. §1692e.

4. The Defendant's acts and omissions constitute a violation of 15 U.S.C. §1692f.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692g.

6. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

### Second Claim for Relief:
### Violation of Regulation F

1. The allegations of paragraphs 1 through 49 of the complaint are realleged and incorporated herein by reference.

2. The Defendant's acts and omissions constitute a violation of 12 C.F.R. §1006.18(a).

3. The Defendant's acts and omissions constitute a violation of 12 C.F.R. §1006.18(d).

4. The Defendant's acts and omissions constitute a violation of 12 C.F.R. §1006.30(b).

5. As a result of the above violations of Regulation F, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

**Prayer for Relief**

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA as well as Regulation F and/or an admission from the Defendant that it violated the FDCPA and Regulation F.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5214 S. East Street, Suite D1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email:
john@johnsteinkampandassociates.com